UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JAMES WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>AJANI JACKSON,<br><br>Defendant. | No. 2:16-cv-2567-TLN-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983 against defendant Ajani Jackson. ECF No. 1. He has filed three pending motions: (1) a motion for "preliminary injunction" and "temporary restraining order" (ECF No. 18); (2) a motion to appoint counsel (ECF No. 22); and (3) a motion requesting that the court order the California Health Care Facility to release plaintiff's medical records to him (ECF No. 27).

**I.  Motion for Provisional Relief**

His motion for "preliminary injunction" and "temporary restraining order" (ECF No. 18), is directed at four individuals who are not parties to this action (Warden Baughman, Law Librarian Dennely, C/O Schorer, and C/O Bartlett). He alleges that these nonparties are interfering with his access to the courts by denying him adequate access to the law library and he

/////

/////

1

requests an order that they cease doing so. Presumably, plaintiff would like an order compelling these individuals to grant him access to the law library.[1]

Rather than seeking some early remedy from defendant for a wrong alleged in this action, plaintiff's motion seeks an order compelling nonparties to take a course of action plaintiff believes will be necessary for his litigation of this case. This request is thus not for a preliminary injunction or temporary restraining order, but is more correctly viewed as a request for an interlocutory order under the All Writs Act, 28 U.S.C. § 1651. *See generally, Fitzpatrick v. California City*, No. 1:96-CV-5411 AWI SMS, 2014 U.S. Dist. LEXIS 67950, at *15-16 (E.D. Cal. May 16, 2014).

The All Writs Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is meant to aid the court in the exercise and preservation of its jurisdiction. *Plum Creek Lumber Co. v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. N.Y. Telephone Co.*, 434 U.S. 159, 174 (1977).

The record contains inadequate information to properly consider plaintiff's request. Accordingly, defense counsel is directed to inquire into the status of plaintiff's access to the law library and to file an opposition or other appropriate response to the motion.

**II.    Motion for Appointment of Counsel**

Plaintiff requests that the court appoint counsel. ECF No. 22. District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935

---

[1] Plaintiff's listing of the four non-parties as "defendants" in his motion suggests that perhaps he wishes to bring a federal action against them for violation of his right of access to the courts. If that is the case, plaintiff must file such an action separately from this one after exhausting his available administrative remedies.

2

F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether exceptional circumstances exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered those factors, the court finds there are no exceptional circumstances in this case. Plaintiff states that he needs appointed counsel because he is a layman at law. ECF No. 22 at 1. This circumstance, which is common to the vast majority of pro se litigants, is not exceptional. *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

### III. Motion for Release of Documents

Plaintiff's motion for an order directing the California Health Care Facility to release his medical records is denied as premature. After defendant has filed a response to the complaint, the court will issue a discovery and scheduling order. Plaintiff may seek these documents through the discovery process, and should file a motion asking for the court's assistance only if he cannot obtain them through requests made pursuant to the ordinary discovery rules (Federal Rules of Civil Procedure 26-37 & 45).

### IV. Order

Accordingly, it is hereby ORDERED that:

1. Within 14 days of the date of this order, defense counsel shall inquire into the status of plaintiff's access to the law library. Within 21 days of the date of this order, defendant shall file an opposition or other appropriate response to plaintiff's March 2, 2017 motion (ECF No. 18).
2. Plaintiff's motion for appointment of counsel (ECF No. 22) is denied without prejudice.

/////
/////
/////
/////

3

3. Plaintiff's April 4, 2017 motion (ECF No. 27) is denied without prejudice as premature.

DATED: June 1, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE