UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JAMES WILLIAMS, | No. 2:16-cv-2567-EFB |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| AJANI JACKSON, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. He seeks an order from this court compelling prison officials to grant him access to the prison law library. ECF No. 18. For the reasons that follow, the motion should be denied.

**I.     Background**

On March 2, 2017, plaintiff filed a motion asking the court to compel various prison officials to grant him access to the law library. ECF No. 18. He alleged that law librarian Dennely was not putting him on the list of prisoners authorized to use the library. *Id.* Plaintiff attached to the motion various documents from his administrative appeals regarding his lack of access to the library. One such document indicates that plaintiff was denied access to the library on February 6, 2017 due to Dennely's administrative error. *Id.* at 5. Dennely noted that the error had been fixed and plaintiff was on the list as a "general library user" or "GLU" until March 8,

1

2017. *Id.* Another such document indicates that custody staff failed to escort plaintiff to the library on February 12, 2017. *Id.* at 6.

The court ordered defense counsel to inquire into the status of plaintiff's law library access. ECF No. 30. Counsel responded that plaintiff had been granted GLU status from January 4, 2017 to April 7, 2017 and Priority Law User (PLU) status from June 6, 2017 through June 26, 2017. Counsel did not respond to plaintiff's claims that, despite his authorization to use the library as a GLU, plaintiff had been denied physical access.

Plaintiff has recently submitted an informative filing from which it appears that (with the exception of the dates in February) plaintiff has been able to access the law library, at least within the last month or so. ECF No. 34.

## II.     Plaintiff's Motion

Plaintiff asks for a preliminary injunction or temporary restraining order. ECF No. 18. Such an order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997)("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172 L.Ed. 2d 249 (2008)). Plaintiff's motion does not meet this standard. It addresses conduct that is not a subject of this action, and therefore fails to demonstrate either a likelihood of success on the merits or a serious question on

the merits. Generally, such allegations must be pursued through the prison administrative process and then litigated in a separate action. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15, 2011 WL 533755 (E.D. Cal. Feb. 11, 2011).

The court does have some authority to intervene regarding conduct unrelated to the complaint under The All Writs Act. That Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159 (1977). To obtain an order under the All Writs Act, the requested order must be "necessary." This language requires that the relief requested is not available through some alternative means. *Clinton v. Goldsmith*, 526 U.S. 529 (1999).

As it appears that, beyond the two documented instances in February 2017, plaintiff has been provided with access to the law library, the requested order does not appear to be currently necessary. Accordingly, the motion should be denied without prejudice to any subsequent motion plaintiff may file should his access to the library again be denied.

### III. Order and Recommendation

It is hereby ORDERED that the Clerk of Court randomly assign a United States District Judge to this action.

Further, for the reasons set forth above, it is hereby RECOMMENDED that plaintiff's March 2, 2017 motion for preliminary injunction (ECF No. 18) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

3

| | |
|---|---|
| 1 | objections with the court and serve a copy on all parties.  Such a document should be captioned |
| 2 | "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections |
| 3 | within the specified time may waive the right to appeal the District Court's order.  *Turner v.* |
| 4 | *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). |
| 5 | DATED:  September 1, 2017. |

*[Signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE