UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY JAMES WILLIAMS,

    Plaintiff,

v.

AJANI JACKSON,

    Defendant.

No. 2:16-cv-2567-MCE-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that defendant Jackson violated his First and Eighth Amendment rights by retaliating against him for filing prison grievances and by deliberate indifference to his serious medical needs. ECF No. 1 at 3-5, 24. Defendant has now filed a motion to dismiss pursuant to 12(b)(6) arguing plaintiff failed to exhaust his administrative remedies prior to filing this action. ECF No. 29. Plaintiff filed an opposition (ECF No. 31) and defendants have submitted a reply (ECF No. 35). After review of the pleadings it is recommended that defendant's motion be denied. Plaintiff's motion to compel (ECF No. 32) and motion to appoint counsel (ECF No. 33) are denied.

**I.    Motion to Compel**

Plaintiff seeks an order compelling production of his medical, mental health, and health care appeals records. ECF No. 32. That motion is denied as premature. The court will issue a

scheduling order after a response to the complaint is filed.  That order will set a schedule which will include the timeframe for conducting discovery.  Then, plaintiff may seek production of these documents via the discovery process.

## II. Motion to Appoint Counsel

Plaintiff's motion to appoint counsel (ECF No. 33) is also denied.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.

## III. Motion to Dismiss

Defendant argues that the exhibits attached to plaintiff's complaint indicate that he did not fully exhaust his administrative remedies before filing this action.  Specifically, she notes that one attached document indicates that, on May 13, 2016, plaintiff's appeal was rejected because he had exceeded the maximum number of non-emergency appeals allowed in a fourteen day period. ECF No. 1 at 25.  Then, on June 9, 2016, his appeal was rejected for a second time after prison officials determined that the administrative remedies being requested were no longer within their jurisdiction. *Id.* at 23.  This jurisdictional rejection was premised on the fact plaintiff was no longer housed at Department of State Hospitals- Stockton (DSH-Stockton). *Id.*

### A. Legal Standards

#### 1. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its

2

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

**2.    Dismissal for Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act of 1995 (hereafter "PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), but a prisoner is only required to exhaust those remedies which are "available." *See Booth v. Churner*, 532 U.S. 731, 736 (2001). "To be available, a remedy must be available as a practical matter; it must be

capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)) (internal quotations omitted).

Dismissal for failure to exhaust should generally be brought and determined by way of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id*. at 1168. Under this rubric, the defendant bears the burden of demonstrating that administrative remedies were available and that the plaintiff did not exhaust those remedies. *Id*. at 1172. If defendant carries this burden, then plaintiff must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. If, however, "a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Id*. at 1166.

**B.     Analysis**

There is no dispute that plaintiff's administrative remedies were not exhausted. *See* ECF No. 31 at 3. Plaintiff argues, however, that exhaustion was unavailable because prison officials informed him that "he had no further remedies to pursue" in their June 9, 2016 rejection. *Id.*, ECF No. 1 at 23. The final cancellation of plaintiff's appeal stated that "[d]ue to your discharged status, your Mental Health care is no longer under jurisdiction of DSH and the action or decision being appealed is not within administrative remedies." ECF No. 1 at 23. Defendant points to the fact that this cancellation also provided, by way of a footnote, that plaintiff could file a separate appeal contesting this cancellation. ECF No. 29 at 4. She contends that, by failing to avail himself of that option, plaintiff failed to comply with prison grievance procedures and exhaust available remedies. *Id.*

The court recognizes that "[t]he obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'" *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). In *Albino*, however, the Ninth Circuit held that a prisoner could rebut the notion of availability "by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." 747 F.3d at 1172 (internal quotation marks omitted) (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)); *see also Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). Additionally, prisoners are not required to exhaust administrative remedies

4

which they have been "reliably informed" are not available. *Albino*, 747 F.3d at 1173. Defendant concedes this point, but argues that it is inapposite in this case because plaintiff was informed that he received written notice that he could appeal the cancellation. ECF No. 35 at 2.

Here, plaintiff was informed that prison officials no longer had jurisdiction to entertain his appeals. The court concludes that the cancellation of plaintiff's appeal for want of jurisdiction effectively amounts to a declaration that administrative remedies were no longer available to him. It is true, as defendant contends, that plaintiff received notice that he could separately appeal the cancellation of his appeal. It is impossible to conclude,[1] however, that such action would have had any utility whatsoever. The cancellation in question was not premised on some error or omission on the part of the plaintiff which he might have been able to dispute. Instead, it was a definitive statement from prison officials that his appeal was no longer within their jurisdiction. The Supreme Court has held that "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end — with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). Plaintiff had no reason to disbelieve prison officials' claim that they lacked jurisdiction to entertain his appeal and, accordingly, the opportunity to file a separate appeal on the jurisdictional cancellation operated as nothing more than an administrative 'dead end' in this case.

The court notes that it is unclear if plaintiff could have continued to pursue the same administrative remedies after he was discharged from DSH-Stockton. In any event, such a conclusion is impossible to draw from the face of the complaint and, therefore, not an appropriate basis on which to grant a 12(b)(6) motion.

/////

/////

---

[1] Such a conclusion is, at least, impossible to draw based on the information available from the face of the complaint and its attached exhibits. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.").

5

**IV. Conclusion**

Based on the foregoing, it is HEREBY ORDERED THAT:

1. Plaintiff's motion to compel (ECF No. 32) is denied; and

2. Plaintiff's motion to appoint counsel (ECF No. 33) is denied.

It is further RECOMMENDED that defendant's motion to dismiss (ECF No. 29) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 5, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE