UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JAMES WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>AJANI JACKSON,<br><br>Defendant. | No. 2:16-cv-2567-MCE-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In his October 2, 2017 filing, he states that as of September 6, 2017, he has been transferred to and from various prisons. He claims that his personal property, including legal documents, is "missing" and that he "cannot defend" himself in this lawsuit without his property. ECF No. 44. He requests a court order directing CDCR to locate and produce his property. He also requests a "90 day extension of time." *Id.*

It is not clear what deadline plaintiff wishes to extend in this action. The only deadlines – which have now expired – were for the parties to file objections within fourteen days to the court's September 1, 2017 and September 5, 2017, findings and recommendations. *See* ECF No. 40 (recommending that plaintiff's motion for a preliminary injunction be denied) & ECF No. 41 (recommending that defendant's motion to dismiss be denied). In an abundance of caution, the court will direct the Clerk of the Court to reserve these findings and recommendations upon plaintiff and grant him a thirty day extension of time to file any objections.

1

Should any delay in the return of plaintiff's legal property interfere with his ability to meet a court-imposed deadline in the future, plaintiff may request that the court grant him an extension of time, explaining why he has been unable to meet the deadline in the time provided. If plaintiff seeks additional time on the grounds he did not have adequate access to his legal property, he must indicate why he is unable to meet the deadline without that property, what specific requests he has made for access to that property, and how prison officials have responded to those requests.

To the extent plaintiff seeks the return of his personal property, such claims cannot be adjudicated in this action, where they cannot be properly exhausted through the administrative appeals process. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011); Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in an action only where the suit regards "the same transaction, occurrence, or series of transactions or occurrences" or "any question of law or fact common to all defendants").

Accordingly, IT IS HEREBY ORDERED that plaintiff's October 2, 2017 request (ECF No. 44) is granted to the extent that plaintiff shall have another thirty days within which to file objections to the court's September 1, 2017 and September 5, 2017 findings and recommendations. In addition, the Clerk of the Court is directed to serve upon plaintiff a copy of each findings and recommendations (ECF Nos. 40 & 41).

DATED: October 12, 2017.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE